Curia, per Richardson, J.
The jury have settled the facts of the case : 1. That the price of the negro was her full value — upon this fact the warranty of soundness followed, by the law of numerous adjudications in South-Carolina. 2. That the negro was unsound at the time of sale. — This fact renders the vendor liable to the purchaser by the same adjudications. It remains to be considered only, whether Dinkins, the agent of Bulger, the owner of the negro, was liable under the other facts of the case. These facts were as follows: Dinkins sold and warranted .the negro, as the agent of Bulger; received the purchase moneyj and before he paid it over to Bulger was notified that the negro was unsound. Par- *188 Person tendered her to Dinkins and said he would hold him responsible. Dinkins replied he would keep the purchase money until Bulger should execute a bill of sale with a warranty, “ until Parkerson was satisfied.” If Dinkins (being plainly amere agent) had in the meantime paid over the money to his principal without notice, he would have cleared himself of personal responsibility.— Ash v. Livingston, 2 Bay. Rep. 80; Waddel v. Mordecai, Riley’s Coll. 17. But when Dinkins had received timely notice that he would be held responsible, and Parkerson had tendered the negro to him on account of a supposed breach of the implied warranty of soundness, the contract was rescinded, provided Parkerson verified the allegation of unsoundness. From that moment Dinkins stood as a provisional stake-holder; and the general count of indebitatus assumpsit against him for money had and received, was competent, and the proper form of action. This proposition is well established in Ashley v. Reeves, 2 M'Cord. 432; Wharton v. O'Hara, 2 M'Cord. 65. The principle is, that where a contract is rescinded, the partiés stand as if no contract had been made. — And for him who offers to rescind and put the parties in statu quo, and who also proves that he had a right to rescind, the same right of action arises as if there had been a mutual rescisión. This position stands upon plain principles, and has been established in the cases of Byers v. Bostwick, 2 M'Cord. 75; Hughes v. Banks, 1 M’Cord. 537. When, therefore, in addition to the timely notice and tender made to the agent, Parkerson satisfied the jury that the negro was unsound at the time of the purchase, his right to recover the money received of him by Dinkins was made clear. If there had been no tender of the negro, the form of the declaration must have been upon the implied warranty ; and if the merits of the case would not allow a recovery under that special form, there could be none upon the general count for money had and received. •
jBailey, Dawson & Brewster, for the motion.
Thompson, contra.
The motion is refused.
Gantt, O’Neall, Evans and Butler, Justices, concurred.— Earle, J., absent at the argument.